# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
       Plaintiff,

v.                                  Civ. No. 97-0803 JP/RLP/WWD

Elephant Butte Irrigation District,
El Paso County Water Improvement
District No. 1, Hudspeth County Conservation
and Reclamation District No. 1, City of El Paso,
City of Las Cruces, New Mexico State
University, Stahmann Farms, Inc., State of
New Mexico *ex rel.* State Engineer,
       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte.* The United States filed this case on June 12, 1997, requesting the Court to quiet legal title to the waters of the Rio Grande Irrigation Project in its name. The El Paso County Water Improvement District No. 1 ("El Paso District") filed a counterclaim. Pursuant to the participants' request, the proceedings were stayed on September 8, 1997. The participants met with Magistrate Judge Smith and developed a mediation plan which the Court adopted on April 15, 1998 (Docket No. 153). The plan scheduled mediation first of issues raised in the El Paso District's counterclaim through negotiating an Operating Agreement for the Rio Grande Project and second, the legal

title issue.  The Court engaged a professional mediator and assigned a law clerk to assist Magistrate Judge Deaton with the mediation.  Twelve of the thirteen "parties" agreed to participate.  They are represented by attorneys, technical experts and representatives.

In the last two years, the mediators have convened  numerous  meetings in various locations with the entire group of approximately 70 participants, with smaller groups, and with individual participants.  The participants directly involved with the operation of the Rio Grande Project  have conducted the bulk of the negotiations which have resulted in a preliminary proposed draft operating agreement.  The other participants have commented upon this draft, and the United States and the El Paso District are drafting a suggested alternative plan.  The other participants have contributed equally to the costs of the mediation thus far, but consideration of many of their concerns has been deferred while the initial focus was on drafting an operating agreement on the project.

The mediation has been expensive and time consuming  for the participants and for the Court.  Although we have made progress in our negotiations, to date we have not been able to accomplish our objectives.  The parties who must work with an operating agreement have been unwilling to depart  from  fixed  positions which could not be reconciled with one another.  Additionally, numerous considerations of other parties have not been addressed.  Since the participants have expressed a desire to

continue with the mediation, and because of the importance of the issues involved, we are reluctant to terminate the mediation; nevertheless, there will not be a mediated resolution until there is more flexibility and willingness to negotiate among critical participants.

We wish to proceed in such a way as to maximize the opportunity to arrive at an acceptable resolution of the issues. A change of focus in the process may facilitate this. Accordingly, after discussing this matter among ourselves with Magistrate Judge Smith in attendance, we have conferred with Judge Parker who has approved a briefing schedule addressing some of the issues before him. Scheduling the filing of these briefs will allow all the parties to have an opportunity to reassess their respective positions in an atmosphere of more immediate consequences, and, where appropriate, to continue the negotiations and discussions among themselves.

The mediation will be stayed and the Court's April 21, 1999 Order (176) regarding scheduling of response pleadings is revised so as to allow the litigation of this matter to proceed. The parties shall adhere strictly to the following briefing schedule on outstanding motions to dismiss (30, 32, & 35) and Elephant Butte's motion for a more definite statement (31). Responses shall be served and filed by December 17, 1999. Replies shall be served and filed by January 18, 2000.

The motions to intervene filed by the State of Texas (47), the Lower Valley Water District (76 & 77), the Pueblo Ysleta del Sur (107), the State of Colorado

(128) and the Estate of Nathan Boyd (137) have been fully briefed.   Should the Court rule against the motions to dismiss, it will then rule on the motions to intervene.

The parties, including those who may have been allowed to intervene,  shall adhere <u>strictly</u> to the following briefing schedule on motions for summary judgment on all or portions of the Complaint of the United States seeking to quiet title and the counterclaim thereto.   Motions for Summary Judgment shall be served and filed  by February 15, 2000.   Responses to any motions for summary judgment shall be served and filed  by March 17, 2000.  Replies shall be served and filed by April 14, 2000. Any purposed intervenors whose motion to intervene has not been determined shall have the option of filing and serving a response to a motion for summary judgment which shall be considered by the Court if that party is allowed to intervene.

Beginning with the time for summary judgment briefing,  parties may file motions to resume the mediation of specific issues.  Each such motion shall be brought by all interested parties who would participate in the proposed resumed  mediation.  A mediation  plan and a clear statement of the issues to be mediated shall be presented with any such motion.  If, after evaluation and consultation with the other mediators, such a motion is granted; the expense of that partial mediation shall be borne by the parties who filed the motion.  If no motion to resume the mediation is filed, appropriate schedules will be set to deal with such claims as may still need to be addressed after determination of the quiet title suit and the counterclaim.

This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**


_____
UNITED STATES MAGISTRATE JUDGE