**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                No.  CV 97-803 JP/RLP

ELEPHANT BUTTE IRRIGATION DISTRICT;
EL PASO COUNTY WATER IMPROVEMENT
DISTRICT NO. 1; HUDSPETH COUNTY
CONSERVATION AND RECLAMATION
DISTRICT NO.1; CITY OF EL PASO;
NEW MEXICO STATE UNIVERSITY;
STAHMANN FARMS, INC; STATE OF
NEW MEXICO *EX REL.* OFFICE OF THE
STATE ENGINEER; CITY OF LAS CRUCES,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On September 22, 2000 Defendant El Paso County Water Improvement District No. 1

("EPCWID") filed a Motion To Alter or Amend Judgment or, Alternatively, For Relief Under

Rule 60(b) (Doc. No. 249).  After carefully considering the pleadings, the arguments of

counsel, and the applicable law, I conclude that the motion is not well-taken and should be

DENIED.

The subject of the present motion is my decision to dismiss EPCWID's Counterclaim

rather than transfer it to a federal court in Texas.  On August 22, 2000 I dismissed the

Complaint in this case in favor of concurrent state jurisdiction in a pending state court water

adjudication.  I also dismissed Elephant Butte Irrigation District ("EBID") as a party to

EPCWID's Cross-claim for failure to state a claim, and determined  that under the applicable

venue provision the Counterclaim filed by EPCWID against the United States should have been brought in a federal court in Texas.  On September 14, 2000, after considering the parties' responses to my inquiry about transfer versus dismissal of the Counterclaim, I dismissed the Counterclaim without prejudice.

Whether to grant or deny a motion to alter or amend a judgment is committed to the court's discretion.  Nat'l Union Fire Ins. Co. of Pittsburgh v. Midland Bancor, Inc., 869 F. Supp. 880, 883 (D. Kan. 1994).  "In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration:  (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Id.

Regarding the issue of dismissal versus transfer of EPCWID's Counterclaim, I requested input from the parties because I was concerned that dismissal might seriously prejudice EPCWID, for example, by the operation of a statute of limitations.  When I received the parties' responses, I determined that prejudice of that nature was not at stake.  I agreed with those favoring dismissal that the Counterclaim issues should begin with a fresh start, and so I found that in the interests of justice the Counterclaim should be dismissed.  It is true that I never expected EBID to file a case in New Mexico federal court, with claims and issues similar to those in EPCWID's Counterclaim, as soon as I dismissed the Counterclaim.  Frankly, I was surprised by EBID's action.

EPCWID argues that it has suffered a manifest injustice for several reasons.  It contends that EBID has succeeded in erasing two years of negotiations that occurred in this

case, and "not just the product of those negotiations, but even the fact that they ever occurred." EPCWID Br. at 5. This argument has no validity because the negotiations had ceased prior to my ruling on the motions to dismiss the Complaint. I am hopeful however that the recent filing by EBID does not reflect its unwillingness to negotiate further and will not hamper future good faith negotiations among the parties.

EPCWID also argues that it has somehow lost the concessions it gained by the United States' Answer to its Counterclaim, in which the United States purportedly waived a jurisdiction defense by not raising it, and in which the United States admitted many of the allegations in the Counterclaim. The United States would not waive a defense of lack of jurisdiction by failure to raise it in a Rule 12(b) motion. And if the United States admitted factual allegations in this litigation, I doubt that it could get away with denying the same allegations in a newly-filed case.

EPCWID also complains that EBID is now "in the driver's seat" and has had "an unfair opportunity to get a leg up in the litigation." EPCWID Br. at 5, 6. EPCWID has now lost the opportunity to file its lawsuit in Texas before EBID filed its suit in New Mexico, a suit which EPCWID says "mirrors the Counterclaim." EPCWID Br. at 3. With respect to the dreaded "race to the courthouse," the consequences of losing this race may be less dire than EPCWID supposes. EPCWID cites an inapposite case involving federal abstention principles where there is concurrent state and federal court jurisdiction. United States v. Akin, 504 F.2d 115 (10th Cir. 1974), *rev'd on other grounds sub nom.,* Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). "The priority principle is held to apply where a

3

federal and state court have concurrent jurisdiction and the action is in rem." <u>Akin</u>, 504 at 121.

If EPCWID proceeds to file its case in federal court Texas, the issue before the court will not be whether to abstain, but rather whether venue is proper.  The rule is that when two federal courts have concurrent jurisdiction of cases involving the same parties and mirror-image issues,[1] "the court which first obtains jurisdiction should be allowed to first decide issues of venue." <u>Hospah Coal Co. v. Chaco Energy Co.</u>, 673 F.2d 1161, 1164 (10th Cir. 1982).  This so-called first-filed rule is utilized to avoid conflicting venue decisions.  While an important factor in deciding the question of proper venue is which court first acquired jurisdiction, other factors may outweigh the first-filed rule, in which case venue could lie in the district of the "second-filed" court.  <u>Id.</u>; <i>see also</i> <u>Kerotest Mfg. Co. v. C-0-Two Co.</u>, 342 U.S. 180, 185-86 (1952) (discussing venue factors of forum shopping, convenience, joinder of parties).  These factors will be considered by the first-filed court.

Transferring the case to Texas at this point would not avoid the venue battle, although it might mean that the Texas court would be considered the "first-filed" court and would get to decide the venue question.  If so, this may be a factor that the New Mexico court will take into account in deciding the venue question.

I conclude EPCWID has not met the standard for altering or amending my decision to dismiss the Counterclaim without prejudice.  Therefore, the motion to alter or amend will be

---

[1] EBID denies that its claims are the same as EPCWID's, and indeed there are differences.  It is not necessary for me to decide whether the two cases are mirror images of each other, and I decline to do so.  If they are not, then there may be no need to consolidate them in one court.

denied.

THEREFORE, IT IS ORDERED that El Paso County Water Irrigation District No. 1's

Motion To Alter or Amend Judgment or, Alternatively, For Relief Under Rule 60(b) is hereby

DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE